**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2007
Decided October 18, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 07-2050

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 06-CR-306 |
| ALFONSO DIAZ, *Defendant-Appellant*. | J. P. Stadtmueller, *Judge*. |

**O R D E R**

Alfonso Diaz, a Mexican citizen, pleaded guilty to being in the United States without permission after he was deported following a conviction for an aggravated felony. 8 U.S.C. § 1326(a), (b)(2). The district court determined that Diaz's prior conviction was for a crime of violence, sexual abuse of a minor, and calculated a guidelines imprisonment range of 46 to 57 months. The court sentenced Diaz to 46 months' imprisonment and three years' supervised release. Diaz filed a timely notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Diaz to respond to counsel's brief, *see* Cir. R. 51(b), but he has not responded. We therefore limit our review to the potential issues

identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Diaz could challenge his sentence as unreasonable. Counsel advises, however, that the district court properly calculated Diaz's guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a), and addressed and rejected Diaz's mitigating arguments, *United States v. Laufle*, 433 F.3d 981, 987-88 (7th Cir. 2006), before imposing a sentence at the bottom of the resulting guidelines range. The district court noted that it had in the past ordered below-guidelines sentences due to sentencing disparities resulting from the lack of a "fast-track" program in the Eastern District of Wisconsin, but those sentences had been overturned. Recognizing that the absence of a "fast-track" program was not a proper basis for imposing a below-guidelines sentence, the court found that no factor under 18 U.S.C. § 3553(a) justified a below-guidelines sentence. Instead, the district court found that illegal immigration is "a very significant problem" and that, to deter illegal immigrants, Diaz would "have to go to jail." *See* 18 U.S.C. § 3553(a)(1), (2)(A), (2)(B). Counsel notes that this court accords sentences within the properly calculated guidelines range a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The Supreme Court recently upheld the use of such a rebuttable presumption, *see Rita v. United States*, 127 S. Ct. 2456, 2463 (2007); *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007), and we agree with counsel that any potential challenge to the reasonableness of Diaz's sentence would be frivolous.

Counsel next considers whether Diaz could argue that the lack of a "fast-track" program in the Eastern District of Wisconsin subjected him to an unwarranted sentencing disparity as compared to sentences of defendants in districts with a "fast-track" program. But counsel correctly notes that we have repeatedly held that the absence of a "fast-track" program in the sentencing district does not make a within-guidelines sentence unreasonable. *United States v. Roche-Martinez*, 467 F.3d 591, 595-96 (7th Cir. 2006); *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462-463 (7th Cir. 2006); *United States v. Galicia-Cardenas,* 443 F.3d 553, 555 (7th Cir. 2006). Thus, we agree with counsel that this potential argument would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.